Clarksville Telephone Company, Respondent, v. Charles T. Terry and Others, Appellants. (No. 2.) — Order affirmed, with ten dollars costs and disbursements. All concurred.

Clarksville Telephone Company, Respondent, v. Charles T. Terry and Others, Appellants. (No. 3.) — Order affirmed, with ten dollars costs and disbursements. All concurred.

Margaret C. Curley, as Administratrix, etc., Respondent, v. Benjamin O. Brewster and Another, Appellants. — Motions denied.

John H. Gregory and Another, Respondents, v. The Bijou Theatre Company, Appellant. — Motion granted.

John C. Harris v. Warren Curtis and Others. — Motion denied.

Rosalia Inda, as Sole Executrix, etc., of Peter Inda, Deceased, Respondent, v. The State of New York, Appellant. — Motion granted.

William Lefi & Company, Incorporated, Respondent, v. William Lefi and Lefi Glove Company, Appellants. — Motion granted by default.

Veronica Olszewski, Respondent, v. The State of New York, Appellant. — Motion granted.

The People of the State of New York ex rel. Plattsburgh Light, Heat and Power Company v. State Board of Tax Commissioners. — Motion granted.

The People of the State of New York ex rel. Lozier Light and Power Company v. State Board of Tax Commissioners. — Motion granted.

Joshua J. Warren v. William Warren and Others. — Motion denied.

John C. Wilcox, an Infant, by Betsey Wilcox, His Guardian ad Litem, Respondent, v. Hudson Valley Railway Company, Appellant. — Order affirmed, with ten dollars costs and disbursements. All concurred.

---

SECOND DEPARTMENT, OCTOBER, 1910.

SAMUEL GIRSHOFF, Appellant, v. MICHAEL MARX and JACOB JACOBSON, Respondents.

*Negligence — Employers' Liability Act — defective machine.*

Appeal by the plaintiff from an order of the Municipal Court of the city of New York, borough of Brooklyn, entered in the clerk's office of said court on May 11, 1910, setting aside a verdict in his favor.

WOODWARD, J.: Plaintiff pleaded and established by evidence a cause of action under the Employers' Liability Act,* and the jury gave him a verdict for $175 in the Municipal Court. This verdict the learned court set aside and granted a new trial, evidently upon the theory that the plaintiff had been guilty of contributory negligence. We think the court erred in this. The evidence showed that defendants furnished a defective machine for plaintiff; that he had complained of the defect to a foreman and that the latter had promised to repair the same; that the accident occurred by reason of a belt slipping from a loose

* See Laws of 1902, chap. 600; Labor Law (Consol. Laws, chap. 31; Laws of 1909, chap. 36), § 200 et seq.— [REP.